UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORTHY MCGUIRE,

    Plaintiff,

v.                                                  Case No.  8:15-cv-2792-T-24 JSS

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 7). Plaintiff opposes the motion.  (Doc. No. 14).  As explained below, the motion is granted.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion

is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff Worthy McGuire, a black male, alleges the following in his amended complaint and attachments thereto (Doc. No. 6): Plaintiff has been employed by Defendant United Parcel Service, Inc. for more than eighteen years.  On March 10, 2010, Plaintiff injured his shoulder and hand while at work.  Thereafter, on February 17, 2012, Plaintiff injured his shoulder again at work.

At some point, Plaintiff applied for and received workers' compensation benefits. Thereafter, he provided Defendant with numerous letters and medical documentation stating that he could return to work, including documentation that his treating doctor released him from care and cleared him for full-duty work on May 16, 2013.  At first, Defendant stated that it did not have any work for Plaintiff; however, Plaintiff is aware that there was, in fact, work available. Later, Defendant gave Plaintiff part-time work, but Defendant refused to return him to a position comparable to the one he had prior to his injuries.  In fact, Plaintiff identifies a full-time car wash position that was open, but Defendant would not give him that full-time position.

As a result, Plaintiff filed a charge of discrimination against Defendant on June 10, 2013 ("June 2013 Charge").  The June 2013 Charge does not have a Charge Number listed on it.  In the June 2013 Charge, Plaintiff alleged that he suffered race and disability discrimination, because Defendant perceived him as disabled and would not return him to work full-time.  He

further asserted that, unlike him, non-black employees have been permitted to return to work after injuries.

Thereafter, Plaintiff filed another charge of discrimination against Defendant on March 10, 2014 ("2014 Charge"). The Charge Number for the 2014 Charge is 511-2014-01182, and it lists the dates of discrimination as being between October 31, 2013 (earliest) and March 10, 2014 (latest). Plaintiff stated the following in the 2014 Charge:

> Since filing my original charge [511-2013-02079] in June 2013, I have been subjected to additional retaliation. On or about October 31, 2013, I was returned to work but only as "part-time." . . . I believe I have been discriminated against in retaliation for filing EEOC Charge 511-2013-02079 . . . .

(Doc. No. 6-1).

On September 7, 2015, Plaintiff received a Notice of Right to Sue, but that document indicates that it relates only to the 2014 Charge as it indicates that the Charge Number is 511-2014-01182. On December 4, 2015, Plaintiff filed the instant lawsuit. In his amended complaint, he asserts five claims: (1) disability discrimination under the ADA; (2) race discrimination under Title VII; (3) disability discrimination under the Florida Civil Rights Act ("FCRA"); (4) race discrimination under the FCRA; and (5) retaliation for filing a workers' compensation claim, in violation of Florida Statute § 440.205. In response, Defendant filed the instant motion to dismiss.

### III.  Motion to Dismiss

Defendant moves to dismiss three of Plaintiff's claims: (1) the disability discrimination claim under the ADA, (2) the race discrimination claim under Title VII, and (3) the workers' compensation retaliation claim. Defendant moves to dismiss the ADA and Title VII claims due

to Plaintiff's failure to exhaust his administrative remedies. Defendant moves to dismiss the workers' compensation claim based on the statute of limitations and pleading defects. The Court addresses these arguments below.

### A. ADA and Title VII Claims

Defendant moves to dismiss the ADA and Title VII claims due to Plaintiff's failure to exhaust his administrative remedies. Before filing suit under the ADA or Title VII, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC that delineates the Title VII or ADA violation. See Anderson v. Embarq/Sprint, 379 Fed. Appx. 924, 926 (11th Cir. 2010). A plaintiff exhausts the available administrative remedies not just by filing the charge with the EEOC, but also by receiving a Right to Sue letter from the EEOC in response to the charge. See Gant v. Jefferson Energy Cooperative, 348 Fed. Appx. 433, 434 (11th Cir. 2009); Abram v. Fulton County Government, 598 Fed Appx. 672, 675-76 (11th Cir. 2015).

In the instant case, Plaintiff's June 2013 Charge of disability and race discrimination is the charge that supports his Tittle VII and ADA claims. However, he has not exhausted his administrative remedies as to these claims, because the September 2015 Right to Sue letter that he attaches to the amended complaint does not relate to the June 2013 Charge. Instead, the Right to Sue letter that he attaches to the amended complaint specifically states that it relates to the 2014 Charge. Thus, based on the allegations in the amended complaint and the attachments thereto, it does not appear that Plaintiff has exhausted his administrative remedies with respect to his Title VII and ADA claims.

In response, Plaintiff argues that the Right to Sue letter actually applies to both the June 2013 Charge and the 2014 Charge. In support of this argument, Plaintiff provides a letter that

his attorney sent to the EEOC on April 17, 2014 that states that the attorney is advising the EEOC of his "*continued* representation" of Plaintiff with respect to the charge of discrimination filed on May 20, 2013, as well as the 2014 Charge. (Doc. No. 18). Plaintiff then also provides the Court with a copy of a ***third*** charge, dated May 20, 2013, which is presumably the 2013 charge referred to in the April 17, 2014 letter. The Court is not persuaded by this argument.

The fact that Plaintiff's attorney sent the April 17, 2014 letter to the EEOC does not show that the 2015 Right to Sue letter actually applies to both the June 2013 Charge and the 2014 Charge. If Plaintiff wants the Court to reach that conclusion, Plaintiff should provide the Court with correspondence from the EEOC stating that the September 2015 Right to Sue letter actually applies to both the June 2013 Charge and the 2014 Charge. Without such evidence or allegation in the complaint, the Court must dismiss Plaintiff's Title VII and ADA claims for failure to exhaust his administrative remedies.

The Court will, however, give Plaintiff leave to amend his complaint in order to sufficiently allege that he exhausted his administrative remedies with respect to his Title VII and ADA claims. The Court will give Plaintiff until September 1, 2016 to file a second amended complaint. This should be sufficient time for Plaintiff to get appropriate documentation of his exhaustion of his administrative remedies, as any complaint without such documentation would likely be immediately attacked by a motion for summary judgment on this issue. Furthermore, if Plaintiff chooses not to pursue his Title VII and ADA claims, he is directed to file a notice with this Court by September 1, 2016 that indicates the citizenship of the parties, so the Court can determine if it has diversity subject matter jurisdiction over the remaining state law claims.

### B. Workers' Compensation Retaliation Claim

Next, Defendant moves to dismiss Plaintiff's workers' compensation retaliation claim, which is brought under Florida Statute § 440.205. Defendant argues that to the extent this claim is brought based on a 2010 workers' compensation claim, such a claim is barred by the four year limitations period. Additionally, Defendant argues that this claim must be dismissed, because Plaintiff fails to state a claim. Because the Court agrees that Plaintiff fails to state a workers' compensation retaliation claim, the Court need not reach Defendant's statute of limitations argument.

Florida Statute § 440.205 provides the following: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation . . . under the Workers' Compensation Law." In order to state a claim for workers' compensation retaliation under § 440.205, Plaintiff must allege the following: (1) he engaged in the protected activity of applying for workers' compensation; (2) he was adversely affected by an employment decision; and (3) there is a causal connection between the protected activity and the adverse employment decision. See Gonzales v. Pasco County Board of County Commissioners, 2013 WL 179948, at *8 (M.D. Fla. Jan. 17, 2013).

Defendant contends that Plaintiff fails to sufficiently state a workers' compensation retaliation claim, because he fails to adequately allege a causal connection. As explained by this Court in Gonzales:

> Typically, a plaintiff may use a showing of close temporal proximity between the protected expression and the adverse employment action to establish causation. However, in the absence of any other evidence of causation, the Eleventh Circuit has held that a three month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation.

Id. (internal citations and quotation marks omitted).

In this case, Plaintiff does not allege when he applied for workers' compensation benefits. Assuming that he did so near the time of his second injury in February of 2012, then there would be no causal connection between his application for workers' compensation benefits and Defendant's denial of work more than a year later when he was cleared to return to full-duty work in May of 2013. See id. at 9 (stating that there was no causal connection due to the five month gap between the application for workers' compensation benefits and the alleged adverse employment action); Gillman v. Okaloosa County Florida, 58 F. Supp.3d 1305, 1312-13 (N.D. Fla. 2014)(same for gap of ten months); Thompson v. Silver Beach Towers Property Owners Association, Inc., 2015 WL 9854801, at *5 (N.D. Fla. Dec. 8, 2015), adopted by 2016 WL 225684 (N.D. Fla. Jan. 19, 2016)(same for gap of five months); Pericich v. Climatrol, Inc., 523 So. 2d 684, 686 (Fla. 3d DCA 1988)(same for gap of over a year); Sierra v. Port Consolidated Jacksonville, L.L.C., 2016 WL 927189, at *10 (M.D. Fla. Mar. 4, 2016)(same for gap of nine months). Plaintiff fails to provide dates to support this claim, and without a connection between his application for workers' compensation benefits and the alleged adverse employment actions of no work or less than full-time work, his workers' compensation retaliation claim fails and must be dismissed. However, because it is unclear when Plaintiff applied for workers' compensation benefits, the Court will grant Plaintiff leave to amend this claim.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED**. The Court dismisses the Title VII, ADA, and workers' compensation retaliation claims without prejudice. Plaintiff may file a second amended

complaint by September 1, 2016 in order to sufficiently re-allege these claims. If Plaintiff does not file a second amended complaint, he must file a notice with this Court by September 1, 2016 that indicates the citizenship of the parties, so the Court can determine if it has diversity subject matter jurisdiction over the remaining state law claims.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of June, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record