UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORTHY MCGUIRE,

    Plaintiff,

v.                                              Case No.  8:15-cv-2792-T-24 JSS

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant United Parcel Service, Inc.'s ("UPS") Motion to Tax Costs (Doc. 67). Plaintiff has not filed a timely response in opposition, so the Court will consider the motion to be unopposed.

**I.    Background**

Plaintiff Worthy McGuire filed the instant lawsuit against his employer, UPS, alleging five claims: (1) disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* (Count I); (2) race discrimination under Title VII, 42 U.S.C. § 2000(e) *et seq.* (Count II); (3) disability discrimination under the Florida Civil Rights Act ("FCRA"), Florida Statute § 760.01 *et seq.* (Count III); (4) race discrimination under the FCRA (Count IV); and (5) retaliation for filing a workers' compensation claim, in violation of Florida Statute § 440.205 (Count V). (Doc. 6).

UPS moved to dismiss Counts I, II, and V on April 4, 2016. (Doc. 7). The Court granted that motion and dismissed Counts I, II, and V without prejudice on June 22, 2016. (Doc. 23). McGuire filed his second amended complaint on August 31, 2016 (Doc. 26), and UPS again

1

moved to dismiss McGuire's retaliation claim (Doc. 27). The Court granted that motion and dismissed Count V with prejudice on October 24, 2016 (Doc. 34).

UPS then moved for summary judgment on McGuire's remaining claims: disability discrimination under the ADA and the FCRA (Counts I and III), and race discrimination under Title VII and the FCRA (Counts II and IV). The Court granted that motion on June 26, 2017 (Doc. 65), and the Clerk entered judgment in favor of UPS on June 27, 2017 (Doc. 66). This motion followed on July 11, 2017.

## II.    Motion for Costs

"A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332 (S.D. Fla. 2009) (citing Fed. R. Civ. P. 54(d)(1)). "The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920," *id.* at 1333 (citation omitted), which include the following:

> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees . . . ;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920.

As prevailing party, UPS moves this Court for an award of $4,816.11 in costs, comprised of: (1) costs of process servers ($130 for service of two subpoenas for deposition) and witness fees ($80 in fees for two deposition witnesses); (2) costs of transcripts and related services ($4,389.91); and (3) copying, printing, and exemplification costs ($216.20). Additionally, UPS requests interest on this amount, beginning on June 27, 2017.

Each of these categories of costs are recoverable under § 1920. *See id.*; *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921."); *Id.* at 620 ("Taxation of deposition costs is authorized by § 1920(2).") (citation omitted); *PODS Enters., LLC v. U-Haul Int'l, Inc.*, 2015 WL 5021668, at *1 (M.D. Fla. Aug. 24, 2015) (explaining that fees for deposition transcripts are taxable where "necessarily obtained" for use in the case and that fees for deposition videotaping are taxable where the non-prevailing party did not timely object to them).

And each of these amounts is reasonable and complies with applicable limitations. *See* 18 C.F.R. § 0.114(a)(3) (providing that the United States Marshals Service may collect fees of $65 per hour for process served or executed personally); 28 U.S.C. § 1821(b) (providing witnesses shall be paid an attendance fee of $40 per day); *Monelus*, 609 F. Supp. 2d at 1336 (citing case law concluding rates of $0.10 to $0.14 for copies to be reasonable and allowing recovery at a rate of $0.14 per copy).

The Court finds that UPS' requested fees are both recoverable and reasonable. Accordingly, UPS' Motion to Tax Costs is GRANTED.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that UPS' Motion to Tax Costs (Doc. 67) is **GRANTED**. The Court awards UPS $4,816.11 in costs with applicable post-judgment interest. The Clerk is directed to tax the Bill of Costs, which is filed at Doc. 67-1.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of July, 2017.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record